IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM D. WILLIAMS,
    Plaintiff,

vs.                                                3:05cv479/MCR/MD

BILL BEDINFIELD, et al.
    Defendants.

ORDER and
**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* docketed by the clerk on December 19, 2005. The motion for leave to proceed *in forma pauperis* is granted only for the purposes of this recommendation. Plaintiff names fourteen defendants in this action: Bill Bedinfield, Paul Decker, Jennifer Haas, Major Highland, Sgt. Woods, Officer McBride, William Walker, Scott Thayer, Norma Kelly, D. McGowan, S.A. Schwartz, Z. Culpepper, Pilar Gudino, and Captain Wall. Plaintiff claims that the defendants retaliated against him by suspending visitation privileges and denying medical care in violation of his first and eighth amendment rights.

    Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the amended complaint, it appears this case should be dismissed as malicious.

On page five of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (doc. 6, p. 5). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*).

On page six of the civil rights complaint form, Section IV(c), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Plaintiffs are advised that if more than one action has been filed, all additional cases should be described on a separate sheet of paper. Plaintiff listed one state case, and attached a separate sheet of paper listing another case. On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, **or** prior to service?" Plaintiff indicated that one case had been dismissed as frivolous, case number 3:04cv582 in the Middle District of Florida.[1]
Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 8). Thus, plaintiff has

---

[1] This case was initially filed in this court as 3:04cv167/MCR/MD, and transferred to the Middle District.

*Case No: 3:05cv479/MCR/MD*

in effect stated that he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

Upon review of the file, the Clerk has advised, and this Court may take judicial notice, that plaintiff previously filed Case 5:00cv43/SPM in the Northern District of Florida, Panama City Division. The case was dismissed for plaintiff's failure to exhaust his administrative remedies (tantamount to a dismissal for failure to state a claim) and his appeal of this dismissal was dismissed as frivolous. Therefore, two "strikes" accrued against plaintiff in the litigation of that case, which he failed to mention on the complaint form or attachments. A cursory review reveals that this previously filed case deals with plaintiff's imprisonment.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from

---

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions or appeals dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers.  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false responses to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).[4]

     Accordingly, it is ORDERED:

     Plaintiff's motion to proceed *in forma pauperis* (doc. 2) be GRANTED for the purpose of this recommendation only.

     And it is respectfully RECOMMENDED:

     That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

     At Pensacola, Florida, this 30th day of December, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Furthermore, because plaintiff has three "strikes" against him, he is no longer entitled to proceed *in forma pauperis* absent an allegation that he is in imminent danger of serious bodily injury, which is not present in this case.

*Case No: 3:05cv479/MCR/MD*

### **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).